UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                FOR ONLINE PUBLICATION ONLY
----------------------------------------------------------------- X
In re:                                          :
                                                :
JOSE A. REY,                                    :        MEMORANDUM
                                                :        AND ORDER
                                Debtor.         :
----------------------------------------------------------------- X    05 CV 3535 (JG)
JOSE A. REY,                                    :
                                                :
                        Appellee,               :
                                                :
        - against -                             :
                                                :
ROSARIO LAUREDA and                             :
FREDERIC WALKER, ESQ.,                          :
                                                :
                        Appellants.             :
----------------------------------------------------------------- X

A P P E A R A N C E S :

    FREDERIC WALKER
        220 East 76th Street
        New York, New York 10021
        Attorney for Appellant Laureda
        Appellant, *pro se*

    DAVID J. WEISS
        666 Old County Road
        Suite 700
        Garden City, New York 11501
        Attorney for Appellee

JOHN GLEESON, United States District Judge:

        Rosario Laureda and Frederic Walker appeal from an order of the bankruptcy court granting summary judgment for the appellee-debtor Jose Rey. Bankruptcy Judge Carla Craig issued a memorandum opinion in this matter, *In re Rey*, 324 B.R. 449 (Bankr. E.D.N.Y. 2005), familiarity with which is assumed. For the reasons set forth below, the judgment is

affirmed.

In the ordinary course, the obligation of a debtor to a creditor arises under state law, and state courts are naturally well-accustomed to entertaining suits brought to recover a debt. In any suit, however, brought upon a debt incurred prior to the debtor's petition and discharge in bankruptcy under federal law, the power of a state court to enter judgment on such a debt depends upon whether the debt was discharged by the bankruptcy, *see* 11 U.S.C. § 524(a)(1) (discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged"), or rather whether the debt falls within one of the exceptions to discharge under 11 U.S.C. § 523. As to that inquiry, often called "dischargeability," state courts generally enjoy concurrent jurisdiction with federal courts. *See* 28 U.S.C. § 1334(b) (providing that jurisdiction of the federal district courts is "original but not exclusive [as to] all civil proceedings arising under title 11 [of the U.S.C.], or arising in or related to cases under title 11," as opposed to "core" bankruptcy petitions themselves, over which the federal courts' jurisdiction is exclusive).

There is, however, an exception to that general rule of concurrent jurisdiction over issues of dischargeability, and it applies here. Under 11 U.S.C. § 523(c), state courts are without jurisdiction to decide whether a pre-petition debt was procured by fraud, false pretenses, or willful injury under § 523(a)(2), (4), or (6), and therefore not discharged. Rather, § 523(c) provides that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

2

*See generally*, 4 *Collier on Bankruptcy*, § 523.26, 523-132 (15th ed. 2005) ("Section 523(c)(1) gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of debts excepted from discharge under paragraphs (2), (4) or (6) of section 523(a) and requires a creditor who is owed a debt that may be excepted from discharge under paragraphs (a)(2), (4) or (6) to initiate proceedings in the bankruptcy court for an exception to discharge."). Because Laureda failed to assert such a claim while Rey's bankruptcy petition was pending, § 523(c) directs that Rey's debt to her was discharged regardless whether it was procured by fraud or by false pretenses, and § 524(a)(1) voids any judgment rendered thereafter upon that discharged debt. The New York Supreme Court, New York County, therefore was without jurisdiction to conclude, as it did, that Rey "obtained [the debt at issue] through fraud" and that "[c]onsequently, [his] affirmative defense of discharge in bankruptcy will not defeat plaintiff's claims." Mem. and Order at 8, Index No. 601527/03 (Oct. 18, 2004).

Section 523(c) is itself subject to one common-sense exception, which does not apply here: it does not bar future litigation over whether a debt was dischargable under § 523(a)(2), (4), or (6) if that debt was:

> neither listed nor scheduled ... [on the bankruptcy petition] with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B). As Judge Craig explained, however, it is undisputed that "Ms. Laureda, together with her correct address, was listed on the Debtor's petition; therefore, Ms. Laureda may not avail herself of the protection offered to unlisted creditors by § 523(a)(3)." *In*

*re Rey*, 324 B.R. at 456. Accordingly, the judgment of the New York court upon the discharged debt was void *ab initio* under § 524(a)(1).[1]

The bankruptcy court's grant of summary judgment concluding as much did not violate the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (prohibiting lower federal courts from hearing cases in which the harm sought to be redressed stems from, or is inextricably intertwined with, the judgment of a state court). Although courts have not been of one mind on the question, I agree with the prevailing view that a bankruptcy court does not intrude upon the comity owed stated courts by declaring a state court judgment void when the state court has invaded a sphere of exclusive jurisdiction the Congress has carved out for the bankruptcy courts. As the Supreme Court explained in *Kalb v. Feuerstein*:

> It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally. Although the ... County Court had general jurisdiction over foreclosures under the law of [the state], a peremptory prohibition by Congress in the exercise of its supreme power over bankruptcy that no State court have jurisdiction over a petitioning farmer-debtor or his property, would have rendered the confirmation of sale and its enforcement beyond the County Court's power and nullities subject to collateral attack .... The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit that jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law. If Congress has vested in the bankruptcy courts exclusive jurisdiction over farmer-debtors and their property,

---

[1] Without expressing a view of my own on the matter, I note that the bankruptcy court found that "Ms. Laureda admitted in her state court affidavit that she thought [Rey] had commenced bankruptcy proceedings in August 1995 when she saw a notice pertaining to the Debtor's § 341 meeting and that she attended the meeting of creditors to 'see what it was all about.'" *In re Rey*, 324 B.R. at 436. These admissions, the bankruptcy court concluded, established "actual knowledge of the Debtor's bankruptcy satisfying § 523(a)(3)(B)." *Id*.

4

> and has by its Act withdrawn from all other courts all power under any circumstances to maintain and enforce foreclosure proceedings against them, its Act is the supreme law of the land which all courts -- State and Federal -- must observe.

308 U.S. 433, 438-40 (1940); *see also In re James*, 940 F.2d 46, 52 (3d Cir. 1991) ("A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect."); *In re McGhan*, 288 F.3d 1172, 1182 (9th Cir. 2002) (bankruptcy court does not violate *Rooker-Feldman* by hearing case "where a state court entertains a listed creditor's argument to void or modify a discharge order or injunction that is facially valid and that expressly covers the creditor's claim."); 4 *Collier on Bankruptcy* § 524.02, 524-14.8-9 ("A bankruptcy court can find that a postpetition state court judgment is void despite the full faith and credit normally given to state court judgments.").

A more difficult case might be presented if, as the defendants argue, the state court had erroneously decided as a matter of fact that Rey's debt to Laureda fell under § 523(a)(3)(B). It did not. Rather, the state court did not mention § 523(a)(3)(B) at all, and it specifically concluded that "Plaintiff, indeed, was listed as an unsecured, nonpriority creditor ...." Mem. and Order at 5. Section 523(a)(3)(B), of course, covers only debts "neither listed nor scheduled." Nonetheless, the defendants urge me, in the name of respect for the state court, to "infer" from the court's silence that it considered and decided that § 523(a)(3)(B) applied, relieving the automatic discharge of § 523(c). In my view, imputing such an illogical decision to the state court is no respect at all, and the *Rooker-Feldman* doctrine does not require it.[2]

---

[2] There is one important aspect of the New York court's decision that has nothing to do with bankruptcy, and which remains undisturbed by the bankruptcy court's decision and by this one: that Rey breached his ethical obligations to Laureda under the New York Code of Professional Responsibility governing the conduct of

The judgment of the bankruptcy court is affirmed.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
May 22, 2006

---

attorneys. Specifically, the Supreme Court concluded that Rey violated the disciplinary rules by "entering into a business relationship with [Laureda] in which her interests conflicted with his, failing to fully disclose the nature and import of the transaction and the legal documents he drew up, failing to advise plaintiff to seek separate counsel and failing to obtain written consent from plaintiff to the terms of the transaction and the conflict." Mem. and Order at 7. And the court went on: "Beyond entering the business deal with [Laureda] for the benefit of his own partnership, [Rey] misrepresented that deal to her. He failed to inform her that the security upon which the loan was made was heavily encumbered, presenting her with a document that appeared to be a first mortgage. No mention was made of a title search or of filing the mortgage. [Rey], thus, represented to plaintiff a material existing fact which was false, knowing of its falsity." *Id*.